# SUPREME COURT

OF THE

## STATE OF IOWA

AT

DES MOINES, SEPTEMBER TERM, 1920, AND JANUARY
TERM, 1921.

GUSTAV SCHMIDT, Appellant, v. C. H. SCHUMACHER et al.,
Appellees.

**LANDLORD AND TENANT: Settlement—Jury Question.** Evidence
relative to two different issues of settlement reviewed, and held
sufficient in one case, and insufficient in the other, to present a jury
question.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON,
Judge.

NOVEMBER 23, 1920.

ACTION at law to recover upon two promissory notes, and
for the enforcement of a landlord's lien for rent. The defend-
ants admit the making and delivery of the notes, but allege that

VOL. 190 IA.—1

such notes were obtained from them "either by fraud or mistake," and "without any consideration whatsoever." They also allege, by way of counterclaim, that they were for several years tenants of the plaintiff in the use and occupation of land owned by the latter, to whom they paid rent aggregating many thousands of dollars; and that, either by the fraud or deceit of the plaintiff, or by the mutual mistake of the parties, payments so made exceeded the amount actually due the plaintiff to the extent of $1,700, for which they ask judgment. On trial of these issues, the jury returned a verdict in favor of the defendants for $765.82. Plaintiff's motion for new trial was denied, and judgment entered on the verdict. Plaintiff appeals.— *Reversed.*

*S. D. Riniker,* for appellant.

*Simon Fisher,* for appellees.

WEAVER, C. J.—Much of the history of the business relations of the parties and of the circumstances attending the making of the notes in suit is not the subject of serious controversy. It appears that plaintiff is the owner of a half-section farm, which he leased to the defendant C. H. Schumacher and another, in the year 1904. The relation of landlord and tenant, thus begun, was continued under several successive leases, down to and including the year 1916. Payments of rent were made, from time to time, at more or less irregular periods, and at times at least, there were rents considerably past due and unpaid. The first note sued upon in this case is for $1,920, bears date July 9, 1915, and is alleged in the petition to represent rent agreed to be paid for the year 1916. The second note in suit is for $1,523.66, bears date October 15, 1915, and is due one year after date. On this note payments are indorsed, to the amount of $1,039.90. It is the theory of the defense that a settlement was made between the parties, either in the year 1908 or 1910, in which all the rents accruing from the year 1904 to 1908 inclusive were fully adjusted and paid; that, from the date of such alleged settlement, the total amount of rent accruing under the several leases was $11,910, upon which defendants have made

various payments, aggregating $12,546.30, making an overpayment of $636.30. On the other hand, while plaintiff admits having received the several payments making up the aggregate of $12,546.30, he denies the alleged settlement for all rents prior to the year 1908, and avers that the notes in suit represent unpaid rents and interest which have been accumulating from time to time during the entire period of appellees' occupancy of the land.

I.  The foregoing statement is sufficient to an understanding of the first proposition on which plaintiff seeks a reversal of the judgment appealed from. Error is assigned upon the ninth paragraph of the trial court's charge to the jury. That the meaning and effect of this instruction may be made clear, we quote it in full, together with other paragraphs given in the same connection. They read as follows:

"Par. 7.  So you are instructed that the burden of proof is upon the defendants, to establish by a preponderance of the evidence that the said C. H. Schumacher overpaid the plaintiff by mistake, and to prove by a preponderance of the evidence that the settlements were made as claimed by the defendant.

"Par. 8.  So you are instructed that, if the defendant has satisfied you by a preponderance of the evidence that, at the time of the execution and delivery of the notes in suit, the defendant C. H. Schumacher had overpaid the plaintiff by mistake for all rents that were due and coming to plaintiff, and that there was nothing due from the defendants to the plaintiff at the time that the defendant C. H. Schumacher and his father signed and delivered the notes, then the notes would be without consideration, and the plaintiff cannot recover thereon.

"Par. 9.  First take up and determine the defendants' counterclaim; and, if you find by a preponderance of the evidence that, on the first day of March, 1908, the plaintiff and the defendant, C. H. Schumacher, got together, and had a full, fair, and complete settlement of all matters of rent between them, and at the said time the said C. H. Schumacher paid to the plaintiff or had paid to the plaintiff all rent that was due up to that time, and that such settlement was agreed to and was so understood by both plaintiff and defendant, then you will find that there was a settlement up to said date, and, in deter-

mining the issues in defendants' counterclaim, you will not go back of the time and date of said settlement.

"Par. 10. You are instructed to take up and determine from the evidence whether the parties had a full, fair, and complete settlement on September 3, 1910, and, if you find by a preponderance of the evidence that they got together at said time, talked all matters over, and settled in full all matters of rent between them up to that time, and it was so understood and agreed by them, then you will find that there was a settlement up to that date. But if you fail to so find, then you will find there was no settlement up to said date."

The giving of the ninth paragraph of the charge is challenged on the ground that "there was no evidence whatever" that any settlement was had in 1908. While the record at this point is obscure, we are not prepared to say, as a matter of law, that there was no evidence for the jury on the question. In his testimony, the appellee, while insisting that a settlement was had, exhibits considerable uncertainty of memory as to whether the date to which he refers was the year 1908 or 1910, but he does swear quite positively that he paid the rent in full substantially as it accrued for the first four years of his occupation of the land, and that the leases or contracts covering those years were then surrendered to him. The appellant also admits in his testimony as a witness on the trial that appellee paid the first four years' rent; and, if this be correct, it is a concession that his claim for rent was satisfied up to the beginning of the fifth year, March 1, 1908. It should be said, however, in this connection that the appellant, while saying, "He paid me the four years' rent," adds that, "He then gave me his note for the rest, and I gave him back the lease." This expression makes his testimony somewhat ambiguous; but we think it perhaps a fair inference that he means to be understood as saying that he was paid the amount of rent on the first or three-year lease, covering the years 1904, 1905, and 1906, and took appellee's note for the rent of 1907. This inference is strengthened by the fact that, in July, 1909, appellee paid appellant by check the sum of $1,064.44, the application of which cannot easily be accounted for, except on the theory that it was in discharge of a claim for rent then past due for the rental year of 1907. This we

understand appellee's counsel to concede in argument, and such, as we interpret it, was the finding of the jury, a finding which, in our opinion, has sufficient support in the record.

II.    Exception is also taken to the tenth paragraph of the court's charge, already quoted. It appears from the record that, on September 3, 1910, the appellee paid the appellant by check the sum of $2,153.33. With respect to this payment, the appellee testifies several times that it was made upon a settlement with appellant to that date, and the instruction now under consideration charged the jury that, if the parties "got together at said time, talked all matters over, and settled in full all matters of rent between them up to that time, and it was so understood and agreed by them, then you will find there was a settlement up to that date." Appellant makes the point that the charge in this respect is not justified by the evidence, and we are disposed to hold that the exception is well taken. It is true, as we have said, that appellee speaks of the transaction of September 3, 1910, as a general or complete settlement to that date of all dealings between the parties; yet such statement is manifestly a mere conclusion, which the defendant's own testimony negatives. When we look to the facts disclosed by his testimony, it appears that, on the date named, the rent was then delinquent for the two years 1908 and 1909, and, in addition thereto, the rent for 1910 was three days past due. Moreover, the check then given shows upon its face that it was given, not in general settlement, but in payment for the rent on the two leases covering the two years 1908 and 1909, both of which were then and there stamped "paid," and returned to appellee. Such, indeed, is the tenor and effect of his own version of the facts, as distinguished from his conclusions.

Such being the case, we think the court erred in authorizing the jury to find that the parties on this occasion "got together, talked all matters over, and settled in full all matters of rent between them up to that time, and it was so understood and agreed by them."

III.    It appears without dispute that, after the payment of September 3, 1910, and during the remainder of the appellee's occupation of the land, ending with the year 1916, he did become delinquent on practically all the installments of rent falling

due, and that a large part of the aggregate payments made by him during that period were delayed until during the years 1916 and 1917  It is manifest from this situation that the interest accruing on these delayed payments, if duly allowed, would offset or materially reduce the balance against the plaintiff, even if it should be found that he is not entitled to recover upon the notes in suit.

IV.  Counsel for appellant contends that defendant's own story is incredible, and should be disregarded.  The credibility of the witness and the weight to be accorded to his testimony are matters for the consideration of the jury, and we are not authorized to disregard its finding.

For the reasons above stated, the judgment of the district court is reversed, and cause remanded for new trial.—*Reversed.*

EVANS, PRESTON, and SALINGER, JJ., concur.